## UNITED STATES v. A LOT OF SILK UMBRELLAS.*

*(Circuit Court, E. D. Louisiana. June, 1881.)*

1. REVENUE—PENALTIES AND FORFEITURES—IMPORTS—REV. ST. § 2809.
    To incur a forfeiture under section 2809 of the Revised Statutes, which relates to the importation of merchandise into the United States from abroad, there must be an intentional omission from the manifest.
2. COSTS—REASONABLE GROUND FOR SEIZURE—REV. ST. § 970.
    Under section 970 of the Revised Statutes, the fact that the goods seized were not on the manifest shows that there was reasonable ground for seizure and claimant cannot recover costs.

*A. H. Leonard*, Dist. Att'y, for the United States.
*Alfred Shaw*, for claimant.

PARDEE, C. J. As shown by the evidence, the conduct of government officials seizing these libelled goods was not creditable, or calculated to further the true interests of the government or foster the commerce of the port. The conduct of the officials in the examining room, in destroying the labels and marks to prevent identity of the goods, was highly reprehensible. They should have been reported and discharged. The government is not the enemy of commerce nor of importers. The forfeiture of the goods seized is asked under the provisions of section 2809, Rev. St., for not being included in the manifest. This section provides for a fine or penalty on the master equal to the value of the merchandise not included in the manifest, and the forfeiture of all such goods belonging or consigned to the master, mate, officers, or crew of such vessel. The evidence in this case is to the effect that the goods were not included in the manifest; they were

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

not ship stores, nor were they described in the list of stores. The goods were not of the kind, (say the umbrellas, baskets, cloak, etc.,) or of the quantity, (say shirts and opodeldoc,) suitable for ship stores. The manifest shows no passengers. There was no such concealment as showed an intent to smuggle. The seizure was made the same day the manifest was sworn to, and the testimony of the captain and mate, and the conduct of both, are to the effect that the omission of the goods from the manifest was an oversight. All the goods except the umbrellas,—but one,—the opodeldoc, the shirts, and baskets, are proved to have belonged and been consigned to Henric R. Piccaluga, a merchant of this city not belonging to the vessel, and were family presents sent to him by his relatives in Genoa. These goods were under $200 in value, and might have been admitted to entry upon appraisement without invoice. Treasury Reg. § 337.

The goods shown to have belonged to Piccaluga cannot be forfeited in this proceeding, as they are not covered by section 2809, Rev. St.

As to the remaining goods, the question to be decided is whether the omission punished by penalty and forfeiture under section 2809, Rev. St., must be an omission complete, with intent, or may be any bare omission, whether intentional or accidental. The statement of this question seems to suggest the answer.

Intent is necessary for any criminal or penal violation of a prohibitory law. It is a general rule, and unless there are adjudicated cases by the United States courts to the contrary under the revenue laws of the United States I shall so hold in this case. My attention has been called to no such cases, and I know of none. In the case of *U. S.* v. *84 Boxes of Sugar*, where the sugar was libelled because entered for payment of duties under a false denomination, with a view to defraud the revenue, Judge McLean, organ of the supreme court, says: "The statute under which these sugars were seized and condemned is a highly penal law, and should, in conformity with the rule on the subject, be construed strictly. If, either through accident or mistake, the sugars were entered by a different denomination from what their quality required, a forfeiture is not incurred." 7 Pet. 463.

The principle will apply to this case, although no direct element of fraud is charged.

To be perfectly clear, what I hold is that to incur forfeiture under section 2809, Rev. St., there must be an intentional omission from the manifest.

Of course, in cases under that section the usual rule would govern, so far as making a case for the government is concerned. The gov-

ernment shows the act, and from the act and its circumstances the intent is inferred, until negatived by claimants' evidence.

The goods seized in this case not being on the manifest, and notwithstanding the criticisms made on the mode of seizure, I am of the opinion there was reasonable ground for seizure. See section 970, Rev. St.

A judgment will, therefore, be entered in this case reversing the judgment of the district court, dismissing the libel of the United States, and ordering the restoration of the proceeds of goods and merchandise seized, libelled, and sold to the claimants, but allowing claimants no costs.

See *U. S.* v. *Three Trunks*, 8 FED. REP. 583.